MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2017 ME 83
Docket:       Han-16-269
Submitted
  On Briefs:  February 10, 2017
Decided:      May 4, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

## STATE OF MAINE

v.

## ROGER E. GRINDLE

SAUFLEY, C.J.

[¶1]  Roger E. Grindle appeals from a judgment of conviction for gross sexual assault (Class A), 17-A M.R.S. § 253(1)(A) (2016); assault (Class D), 17-A M.R.S. § 207(1)(A) (2016); domestic violence criminal threatening (Class C), 17-A M.R.S. § 209-A(1)(B)(1) (2016); and criminal restraint (Class D), 17-A M.R.S. § 302(1)(B)(1) (2016), entered by the trial court (Hancock County, *Murray J.*) after a jury trial.  He challenges the court's exclusion of one of his statements from a recorded interview with police that was admitted at trial.[1]  We affirm the judgment.

---

[1] We have carefully considered Grindle's argument that the verdict form used by the court allowed the jury to convict him of assault without considering whether the State met its burden to disprove self-defense.  We discern no error in the jury instructions or the court's use of a verdict form, and we do not discuss this argument further.

## I. BACKGROUND

[¶2] "Viewing the evidence in the light most favorable to the State, the jury could rationally have found the following facts beyond a reasonable doubt." *See State v. Begin*, 2015 ME 86, ¶ 2, 120 A.3d 97 (quotation marks omitted).

[¶3] Grindle and the victim were involved in a domestic relationship and were living together. During an argument in their bedroom on January 31, 2015, Grindle grabbed the victim's hand and burned it with a lighter. The victim hit him in his side, and he struck her across the face. Grindle then started hitting her and punching her in the chest. The victim tried to get away, but Grindle threw her down on the bed and the floor several times. While the victim was on the floor, Grindle kicked her in her side.

[¶4] At some point, the victim tried to collect her things so that she could leave. Grindle blocked the door and told her that if she "tried to leave, he would drag [her] out in the snow, put [her] in [her] car, and watch [her] burn alive." The victim went into the bathroom, and Grindle followed her. He told her that she was not going to leave; that he had no recollection of scratching or bruising her; that he "blacks out when he gets angry"; and that if she had "shut up when he told [her] to, then it could all have been avoided."

[¶5]  Grindle begged the victim to lie down in the bedroom and watch a movie, which she did.  Grindle lay down with her and started rubbing her back and trying to put his hands down her pants.  The victim moved his hand away and told him to stop.  He told her that they "had to have sex because it could be [their] last time."  He continued trying to put his hands down her pants, and she kept trying to get his hand away.  Finally, he pulled her pants down and "put his penis inside of [her] vagina."  The victim was crying, and Grindle told her that she "needed to stop crying because [she] was making him feel like he was raping [her]."  Grindle had his hand around her throat and was "pulling [her] hair."  Grindle "finished the sex act" at around 5:45 a.m. on February 1, 2015, and told the victim to go to sleep.

[¶6]  Several days later, the victim went to the police and made a written report.  Police conducted a recorded interview with Grindle on February 7, 2015, at the end of which they arrested him.  Two days later, Grindle was charged by complaint, and on August 6, 2015, he was indicted for gross sexual assault (Class A), 17-A M.R.S. § 253(1)(A); aggravated assault (Class B), 17-A M.R.S. § 208(1)(C) (2015);[2] domestic violence criminal threatening (Class C),

---

[2]  An amendment to 17-A M.R.S. § 208(1)(C) that is not relevant to our analysis took effect two months after Grindle was indicted.  *See* P.L. 2015, ch. 358, § 1 (effective Oct. 15, 2015) (codified at 17-A M.R.S. § 208(1)(C) (2016)).

4

17-A M.R.S. § 209-A(1)(B)(1); and criminal restraint (Class D), 17-A M.R.S. § 302(1)(B)(1). He pleaded not guilty to the charges on August 14, 2015, and nine months later, in May 2016, the court conducted a jury trial.

[¶7] At trial, a video recording of Grindle's interview with the State Police was admitted in evidence. Grindle originally sought the admission of the interview, and the State eventually indicated that it was offering the recording as well. The State objected only to the admission of a single statement in the recorded interview in which Grindle told the interviewing officer that "[the victim] likes it rough." *See* M.R. Evid. 412. The court admitted the entire video with that single statement redacted, and it was played for the jury.

[¶8] As the jury heard in the thirty-minute recording, Grindle accused the victim of beating, scratching, and pushing him, saying that she was "violent" and "a drunk." He told officers that she had been breaking and throwing things. Grindle denied that he and the victim had sex that night. In response to a question about the couple's sexual behavior, he told the interviewing officers, "That is her thing. The whole slapping in the face thing," but he acknowledged that it was not a "regular thing" that they did.

[¶9] The jury found Grindle guilty of gross sexual assault, domestic violence criminal threatening, and criminal restraint. On the aggravated assault

charge, the jury found Grindle guilty of the lesser included offense of assault (Class D), 17-A M.R.S. § 207(1)(A). The court entered a judgment on the verdict, sentencing Grindle to eleven years' imprisonment for the gross sexual assault, with all but four years suspended and six years' probation. Sentences for the remaining three convictions were to run concurrently. Grindle timely appealed. *See* 15 M.R.S. § 2115 (2016); M.R. App. P. 2(b)(2)(A).

## II. DISCUSSION

[¶10] Grindle contends that the court's exclusion from evidence of his statement that the victim "likes it rough" was not required by Rule 412 and violated his procedural due process rights by denying him the ability to present an effective defense. We review rulings admitting or excluding evidence for clear error or abuse of discretion. *State v. Drewry*, 2008 ME 76, ¶ 24, 946 A.2d 981.

[¶11] Contrary to the position taken by Grindle's trial counsel, Grindle had no "right" to present his defense through his own out-of-court statements, absent exceptions to the hearsay rule that are not applicable here.[3] Pursuant

---

[3] In response to the State's objection to playing the recording rather than offering the transcript, defense counsel asserted in chambers proceedings, "The defendant's statements can come in without the defendant testifying . . . that's pretty much black letter." Despite that obvious misstatement of the law, the State did not make a hearsay objection, and the court concluded that it was not "persuaded that *the State has presented* a legal basis on which [the recording] . . . would be precluded from being admitted into evidence." (Emphasis added.)

6

to the Maine Rules of Evidence, unless an exception applies, a nontestifying party cannot offer that party's own out-of-court statements as substantive evidence. *See* M.R. Evid. 801, 802. Such statements are hearsay and are not excluded from the definition of hearsay by Rule 801(d)(2), which allows their admission only when offered *against* the party that made the statement.[4]

[¶12] Grindle, apparently having nevertheless persuaded the State to offer the police interview in evidence, obtained the opportunity to admit much more than was allowed by the rules. The admission of the recorded interview allowed the jury to hear Grindle's version of the events without his being subjected to cross-examination by the State. In this context, the court's exclusion of a single statement from the recorded interview was in no way prejudicial to his defense and did not violate his right to due process. *See* M.R. Evid. 412(b)(1)(C); *see also Drewry*, 2008 ME 76, ¶¶ 27-28, 946 A.2d 981.

[¶13] We are also unpersuaded by Grindle's contention that the statement was admissible pursuant to Rule 412(b). Grindle sought to introduce his own hearsay opinion of the victim's sexual predisposition whereas the rule permits, in limited circumstances, evidence only of specific instances of an

---

[4] Pursuant to Rule 801(d)(2) of the Maine Rules of Evidence, a statement is not hearsay if it is "offered *against an opposing party*" and "[w]as made by the party in an individual or representative capacity."

alleged victim's sexual behavior. *See* M.R. Evid. 412(b)(1)(A)-(B); *cf. State v. Arnold*, 421 A.2d 932, 937-38 (Me. 1980) (holding that opinion testimony was inadmissible to prove a person's character or character trait when Maine Rule of Evidence 405 permitted only evidence of reputation or specific instances of conduct). The court did not abuse its discretion in excluding Grindle's statement. *See Drewry*, 2008 ME 76, ¶¶ 24, 28, 946 A.2d 981.

The entry is:

Judgment affirmed.

---

Rory A. McNamara, Esq. (orally), Drake Law, LLC, Berwick, for appellant Roger E. Grindle

Toff Toffolon, Asst. Dist. Atty. (orally), Office of the District Attorney, District VII, Ellsworth, for appellee State of Maine

Hancock County Unified Criminal Docket docket number CR-2015-172
FOR CLERK REFERENCE ONLY